Eastern District of Kentucky
FILED
NOV 15 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | | |
|---|---|---|
| TERRELL FORTH, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:19-277-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY KIZZIAH, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Terrell Forth is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Forth recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [*See* R. 1]. In that submission, Forth claims that he is not receiving the good time credits to which he is entitled in light of the First Step Act of 2018. Indeed, Forth argues that while the Bureau of Prisons (BOP) awarded him 17 additional days of good time credit, it should have actually awarded him at least an additional 98 days. [*See id.* at 3-4]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

The Court, however, will deny Forth's petition without prejudice for two reasons. First, Forth affirmatively indicates that he has not fully exhausted his

1

administrative remedies within the BOP. [*See* R. 1 at 6-7]. Indeed, Forth makes it clear that he only appealed the sentence calculation decision to the BOP's Regional Director and, as a result, his administrative appeal was rejected. [*See id.*]. Thus, it is clear that Forth did not complete the BOP's multi-tiered administrative grievance process. Since the United States Court of Appeals for the Sixth Circuit has indicated that a prisoner must fully exhaust his remedies within the BOP before he may seek habeas relief under § 2241, *see Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013), and Forth did not do so, the Court will deny his petition without prejudice.

Second, even if Forth had fully exhausted his administrative remedies, the Court would still deny his petition without prejudice. That is because Forth has not established that he is entitled to the relief he is seeking. To be sure, the Court recognizes that Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed. However, Forth has not actually demonstrated how or why the BOP's alleged calculation of his sentence is erroneous. In fact, Forth has not even discussed his underlying criminal convictions and sentence at all; instead, he left that section of his habeas petition completely blank. [*See* R. 1 at 2-3]. By not discussing this information, or any other information relevant to the calculation of his sentence, Forth has not yet established that he is entitled to habeas relief.

In light of the foregoing analysis, it is **ORDERED** as follows:

1. Forth's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED** without prejudice.

2. That said, Forth may file a new petition regarding this matter after he has fully exhausted his administrative remedies. However, if Forth does file a new petition, he must include sufficient factual information about his case in order for the Court to evaluate his claim.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter an appropriate Judgment.

This 15th day of November, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge